IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDSON FURTADO**, | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. RWT-07-2472 |
| | * | |
| **STATE OF MARYLAND,** | * | |
| **CLIFTON T. PERKINS HOSPITAL** | * | |
| **CENTER, AND MARYLAND DEPT.** | * | |
| **OF HEALTH & MENTAL HYGIENE,** | * | |
| | * | |
| Respondents | | |

o0o
## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, concerns Petitioner's allegation that he is illegally confined at Clifton T. Perkins Hospital. Paper No. 1. Also pending in this case are: Petitioner's Motion for Leave to Proceed in Forma Pauperis; Emergency Motion to Have the Court Clerk Serve Respondents; Motion for Extension of Time; and Motion to Support Action in Replevin. Papers Nos. 2-5. Petitioner's Motion for Leave to Proceed in Forma Pauperis shall be granted. All remaining motions shall be denied by a separate order. For the reasons that follow, Petitioner's Petition for Writ of Habeas Corpus shall be dismissed without prejudice.

Petitioner is committed at Clifton T. Perkins Hospital because he was found incompetent to stand trial on charges of attempted first degree murder, first degree assault, burglary, and kidnaping. See Paper No. 5 at 3. Petitioner allegedly broke into his estranged girlfriend's apartment while she was sleeping, laid on top of her, held a knife to her throat, and threatened to kill her. See Paper No. 1 at Attachment, p. 2. Petitioner was referred for a competency evaluation during his trial when he began voicing his belief that charges against him were the

result of a conspiracy between his girlfriend, Montgomery County police, the judge, and the attorneys as part of a cover up for a prostitution ring.  Id. at 4.  Petitioner maintained that the charges against him were false, and his girlfriend was forced to lie because she worked as a prostitute for the police.  Id.  After his evaluation, Petitioner was diagnosed as suffering from delusional disorder, prosecutorial type and found incompetent to stand trial.  Id. at 14.  Petitioner asserts he has been kidnaped and illegally detained.  He claims he is not a danger to himself or others, and that the trial judge erred by finding him incompetent to stand trial without requiring the psychiatrists to testify under oath at a hearing.  Paper No. 1 at 3.  Petitioner seeks an order from this Court declaring his current detention illegal and ordering his immediate release.  Id. at 10.

       Petitioner is in state custody because his mental illness renders him unable to stand trial in the Circuit Court for Montgomery County.  Thus, his petition has been considered under 28 U.S.C. § 2241.[1]  Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and there are special circumstances that justify intervention by the federal court.  See Dickerson v. Louisiana, 816 F. 2d 220, 224-26 (5th Cir. 1987).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam)).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through a trial on the merits or other state procedures available for review of the claim.

---

[1] If Petitioner had been convicted of criminal charges, Petitioner could challenge the validity of that conviction in this court through a habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

As a person committed to a mental health facility, Petitioner has a right under Maryland law to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See MD. CODE ANN., HEALTH-GEN., § 10-805. Denial of an application for release may be appealed. See id. Petitioner has not challenged his commitment order in state court. Special circumstances justifying a federal court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F. 2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F. 2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). Petitioner's claim that he is illegally confined may be litigated in a state forum without harm to his constitutional rights.

Accordingly, by separate order which follows, the Petition shall be dismissed without prejudice.

   October 4, 2007                                          _____/s/_____
Date                                                         Roger W. Titus
                                                             United States District Judge